UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VERONICA GAIL SPRINKLE,

        Plaintiff,                              Case No. 16-10631
                                                    HON. TERRENCE G. BERG
v.                                               HON. ANTHONY P. PATTI

LISA ASADOORIAN, et al.,

        Defendants.
_____/

**OPINION AND ORDER DISMISSING
PLAINTIFF'S COMPLAINT UNDER 28 U.S.C. § 1915(e)(2)(B) AND
<u>FEDERAL RULE OF CIVIL PROCEDURE 12(h)(3)</u>**

Plaintiff Veronica Gail Sprinkle, proceeding *pro se*, filed this case on February 19, 2016 along with an application to proceed *in forma pauperis*. (*See* Dkts. 1-2.) Plaintiff completed the generic civil complaint and *in forma pauperis* application forms by hand. (*See id.*) In this case, Plaintiff is suing the state judge, prosecutor, defense attorney, and arresting officer involved in Plaintiff's criminal prosecution for retail fraud, and the two officers who "signed [Plaintiff] into a mental hospital". (Dkt. 1, ID 1-2.)

Plaintiff's handwritten complaint form and the attached documents do not permit the Court to determine what Plaintiff's claims are against these Defendants, or why this Court has the authority to consider them. On the civil cover sheet, Plaintiff has checked the box for assault, libel, and slander. (Dkt. 1-1, ID 90.) Plaintiff did not check any boxes indicating the basis of jurisdiction or the

citizenship of any of the parties. (*See id.*) In the "[s]tatement of claim" section of the complaint form, Plaintiff has listed each Defendant and stated his or her role in Plaintiff's criminal case. (Dkt. 1, ID 1-2.) With respect to Defendant Elliott Margolis, Plaintiff's defense attorney, Plaintiff adds that he "threaten [Plaintiff's] life, and forced [Plaintiff] to plead guilty regarding case # 12-00561". (*Id.* at ID 2.)

Plaintiff requests the following relief:

I would like the court to speak with Officer Austin Hughes regarding this manner (sic). Then if the courts find the truth is being told please prosecute these individuals to the full extent of the law.

(*Id.*) Officer Hughes is not a Defendant, and is not identified or even mentioned elsewhere in the complaint.[1]

Plaintiff submitted several documents with her complaint that appear to be from her state criminal case. From these documents, it is clear that Plaintiff was charged with retail fraud in the second degree but plead guilty to retail fraud in the third degree on November 2, 2012. (*See* Dkt. 1-1, ID 67-75.) On December 4, 2012, Plaintiff was sentenced to 24 months of supervised release. (*Id.* at ID 84.) On July 1, 2013, two officers were sent to a hotel to check on the welfare of a guest and found that Plaintiff had locked herself in a room and would not respond. (*Id.* at ID 89.) The officers heard Plaintiff chanting for about 10 minutes before she stated that she would not leave the room because her husband was trying to kill her. (*Id.*) The

---

[1] A cursory search of the documents filed with the complaint reveals that an Officer Austin Hughes of the Auburn Hills Police Department was one of two arresting officers who interviewed Plaintiff and took her into custody on July 24, 2012 for retail fraud in the second degree. (Dkt. 1, ID 23-30.) Officer Hughes wrote a report of the incident. (*Id.*, ID 26-29.) Plaintiff does not explain what additional information Officer Hughes would provide regarding Plaintiff's arrest and prosecution.

officers sent Plaintiff to a hospital for a medical evaluation and one of the officers completed a commitment petition there. (*Id.*) Plaintiff filed this case nearly three years later.

For the reasons that follow, Plaintiff's application to proceed *in forma pauperis* will be **DENIED**, and Plaintiff's Complaint will be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(h)(3). The Court will also certify that any appeal from this decision cannot not be taken in good faith.[2] *See* 28 U.S.C. § 1915(a)(3).

## I.  ANALYSIS

### A. Plaintiff's Application to Proceed *In Forma Pauperis*

Plaintiff has filed an application to proceed *in forma pauperis*, or without the prepayment of fees. Pursuant to 28 U.S.C. § 1915(a)(1), "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding ... without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets … [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). If an application to proceed *in forma pauperis* is filed along with an affidavit that states what the plaintiff's assets are and that the plaintiff is unable to pay the filing fee, the court should permit the complaint to be filed. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990). Once the complaint has been filed, the Court

---

[2] Under 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445, (1962).

3

examines it to consider whether it is frivolous or fails to state a claim upon which relief can be granted. *See id*.

Here, Plaintiff's application is completely inadequate. The only information Plaintiff includes in her application, other than her signature, the date, and the case caption, is that she is a homemaker. (*See* Dkt. 2.) Plaintiff fails to check either "yes" or "no" in response to any of the questions regarding income on the first page, and also provides no response to any questions on the second page. (*Id.*) No other supporting financial documentation was submitted. Plaintiff's application is essentially blank and incomplete. Accordingly, the Court will deny Plaintiff's application to proceed *in forma pauperis*. This does not prevent Plaintiff from applying for *in forma pauperis* status in the future if she submits a proper affidavit.

**B. Dismissal Under § 1915(e)(2)**

The Supreme Court has recognized that Congress, in enacting the federal *in forma pauperis* statute, "intended to guarantee that no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, in any court of the United States, solely because ... poverty makes it impossible ... to pay or secure the costs of litigation." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). At the same time, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton*, 504 U.S. at 31 (quoting *Neitzke v. Wiliams*, 490 U.S. 319, 324, (1989)). Responding to this

concern, Congress provided § 1915(e)(2), which establishes that a court "shall dismiss the case" if it finds that:

> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal —
>
>> (i) is frivolous or malicious;
>>
>> (ii) fails to state a claim on which relief may be granted; or
>>
>> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

When a plaintiff proceeds without the assistance of counsel, a court is required to liberally construe the document and hold it to a less stringent standard than a similar pleading drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, a complaint must contain more than legal labels, conclusions, and a recitation of the elements of a cause of action. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Thus, "[p]ro se plaintiffs are not automatically entitled to take every case to trial." *Price v. Caruso*, 451 F. Supp. 2d 889, 893 (E.D. Mich. 2006) (quoting *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996)).

Here, the Court finds that even with most liberal reading of Plaintiff's Complaint, it fails to state a claim upon which relief can be granted. Plaintiff fails to tell the Court with any specificity what she alleges that each of the Defendants did and why she is suing them. Instead, she directs the Court to identify, locate, and

5

speak with Officer Austin Hughes "regarding this manner [sic]" and "if the truth is being told," to "please prosecute these individuals to the full extent of the law." (Dkt. 1, ID 2.)

This Court has no power to conduct such an investigation and prosecution, and, although there is an Officer Hughes who arrested Plaintiff and authored the police report of the arrest, the complaint does not identify who Officer Hughes is, what he did, what information he might have, or where he might be located. As such, this Court cannot grant Plaintiff the relief she requests. If Plaintiff believes her attorney, the prosecutor, or the judge in her case committed some kind of misconduct, there are state regulatory bodies responsible for overseeing these professions in Michigan,[3] where she could file a complaint. As to the police officers Plaintiff names in her complaint, most Michigan law enforcement agencies have internal procedures to investigate citizens' complaints that Plaintiff can pursue.

**C. Dismissal Under Federal Rule of Civil Procedure 12(h)(3)**

Under Federal Rule of Civil Procedure 12(h)(3), a court is required to dismiss a case "[i]f the court determines at any time that it lacks subject-matter jurisdiction". Federal courts thus have an independent duty to determine whether they have jurisdiction and to police the boundaries of their own jurisdiction. *Heartwood, Inc. v. Agpaoa*, 628 F.3d 261, 266 (6th Cir. 2010) (internal quotation marks and citation omitted). Plaintiff's complaint does not clarify the basis of this Court's jurisdiction or authority to hear this case.

---

[3] For a list of these bodies, see the Complaints webpage maintained by the Michigan Courts: http://courts.mi.gov/self-help/complaints/pages/default.aspx (last visited March 4, 2016).

On the cover sheet submitted with her complaint, Plaintiff did not check any boxes indicating the basis of this Court's jurisdiction. (*See* Dkt. 1). This Court is a court of limited jurisdiction; in other words, this Court needs to have the authority or the power to consider and decide a given case. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). This authority can be established in two ways: either by diversity, meaning that Plaintiff is a citizen of a different state than each Defendant and the amount in controversy is over $75,000.00, or by federal question, meaning that Plaintiff alleges a claim that arises under federal law. 28 U.S.C. § 1332(a); 28 U.S.C. § 1331.

Because Plaintiff seeks to invoke this Court's jurisdiction, she must show how this Court has the authority to hear her case. *Kokkonen*, 511 U.S. at 377. If a complaint lacks subject matter jurisdiction, a court may dismiss it at any time. *See* Fed. R. Civ. P. 12(h)(3); *McLaughlin v. Cotner*, 193 F.3d 410, 412 (6th Cir. 1999). Plaintiff does not provide any information in her complaint that would allow the Court to determine whether it has jurisdiction over this case. Plaintiff indicates no basis for jurisdiction on the cover sheet, provides no information about where any Defendant lives, states no amount in controversy, and does not say what her claims are and under what part of the laws of the United States or its Constitution they arise. Without this information, this Court cannot establish that it has the power to consider and resolve Plaintiff's case.

## II. CONCLUSION

This Court is not able to discern from what little information Plaintiff has provided in her complaint what Plaintiff is claiming and whether this Court has any jurisdiction over her case. Moreover, Plaintiff's application to proceed *in forma pauperis* is essentially blank. Accordingly, **IT IS ORDERED** that Plaintiff's request to proceed *in forma pauperis* is **DENIED** and Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B) because it fails to state a claim upon which relief could be granted and pursuant to Federal Rule of Civil Procedure 12(h)(3) for failure to establish this Court's subject matter jurisdiction.

A dismissal *without* prejudice means that Plaintiff would be permitted to re-file her complaint and re-apply to proceed *in forma pauperis* if she provides all of the required information and clearly states facts showing that the Court has jurisdiction and that she has plausible claims under federal law. Plaintiff is strongly encouraged to seek the assistance and advice of a lawyer before attempting to re-file this case.

For the same reasons that the Court dismisses this case, the Court discerns no good-faith basis for an appeal. *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). The Court therefore certifies

that any appeal from this decision could not be taken in good faith and denies Plaintiff leave to appeal this decision *in forma pauperis. See* 28 U.S.C. § 1915(a)(3).

**SO ORDERED**.

s/Terrence G. Berg  
TERRENCE G. BERG  
UNITED STATES DISTRICT JUDGE

Dated: March 21, 2016

### Certificate of Service

I hereby certify that this Order was electronically submitted on March 21, 2016 using the CM/ECF system, which will send notification to each party.

s/A. Chubb  
Case Manager

Copy mailed to:

Veronica Gail Sprinkle
5990 Spring Meadow Ct
Clarkston, MI 487348